No. 9804.

## HESSIN v. HECK.

PLEADING.—*Demurrer.*—*Practice.*—A demurrer to an answer, which assigns no cause, raises no question whatever, and can not be carried back and sustained to the complaint.

HARMLESS ERROR.—*Irrelevant Evidence.*—The admission of evidence which is wholly irrelevant, and ordinarily would have no weight, is not a harmless error, when the record discloses that the verdict was probably founded upon it.

From the Huntington Circuit Court.

*B. F. Ibach* and *B. M. Cobb*, for appellant.

*L. P. Boyle, J. C. Branyan, M. L. Spencer* and —— *Branyan*, for appellee.

MORRIS, C.—The appellee sued the appellant to recover damages growing out of the alleged failure of the appellant to discharge his duties as the attorney of the appellee.

The complaint states that the appellee was the administratrix of Henry Heck, her deceased husband, and as such she employed the appellant as her attorney to advise her and conduct, manage and finally settle said estate ; that he accepted said employment, and that she paid him $25 for the services to be rendered by him as such attorney ; that her intestate died

seized of the southeast quarter of the southeast quarter of
section 19, township 29 north, of range 9 east, in Huntington
county, containing 40 acres of land, and personal property to
the amount of $566.74; that the debts of said estate were
$500 to appellee as widow of the deceased; $415.08 allowed
her by the court on a claim against the estate, and to other
parties the sum of $854.93, making a total indebtedness of
$1,770.01, leaving a deficiency of personal assets to pay the
debts of $1,203.29; that she obtained an order for the sale
of ten acres of said real estate, and sold the same for $400,
which she paid out on the indebtedness of the estate, leaving
of claims unpaid against said estate the sum of $803.27, of
which the amount allowed her was a part—that the amount
due to creditors other than herself was $388.19; that the ap-
pellant, as her said attorney, advised, induced and procured
her to advance out of her private means said sum of $388.-
19, and pay off said other creditors, by stating to her that she
would lose nothing by so doing, but that she could have an
additional interest in the decedent's said real estate set off to
her to the amount so advanced, and to the amount of her
claim against said estate; that, relying on said advice, she ad-
vanced said sum of $388.19 to said creditors, and left the
amount allowed her unpaid; that, under the advice and as-
sistance of the appellant as her attorney, and at his request,
she made a final report of the condition of said estate, leav-
ing said claim in her favor unpaid, and praying that an ad-
ditional interest be allowed her in said real estate, and was
by said court discharged as administratrix of said estate; that
said report was procured and presented by the appellant to
the court, and her discharge procured by him as her said at-
torney; that by reason of the gross negligence, carelessness
and ignorance of the appellant in making said report and in
managing said estate, she has been damaged in the sum of
$803.27, etc., for which she demands judgment.

The appellant answered the complaint in two paragraphs.
The appellee demurred to the second paragraph of the an-

swer. The court overruled the demurrer. The appellee replied to the answer by a general denial.

The cause was submitted to a jury for trial, who returned a verdict in favor of the appellee in the sum of $133, together with their answers to certain interrogatories propounded by the parties.

The appellant moved the court for a *venire de novo.* The motion was overruled. He then moved for judgment upon the answers of the jury to the interrogatories filed. This motion was overruled and the appellant moved for a new trial. This motion was overruled, and final judgment rendered in favor of the appellee. The evidence is in the record by bill of exceptions.

The errors assigned question the rulings of the court upon the demurrer to the second paragraph of appellant's answer upon the several motions made by him. The sufficiency of the complaint is also questioned.

We do not think the court erred in overruling the demurrer to the second paragraph of the appellant's answer. No ground of demurrer is stated, and it should have been, as it was, overruled. The appellant insists that it should have been sustained to the complaint. We do not think so. The paper filed as a demurrer raised no question as to the sufficiency of the answer or the complaint; it was properly disposed of by the court.

Nor did the court err in overruling the appellant's motion for judgment upon the special findings. They did not contain facts sufficient to justify a judgment in his favor. This motion was properly overruled. The motion for a *venire de novo* was also overruled.

The appellant assigns, among other causes for a new trial, the admission of a portion of the testimony of the appellee over his objection. The appellee was asked by her counsel the following question: " What advice did Mr. Hessin, the defendant in this case, give you about your individual interest as the widow of Henry Heck, in the ten acres of land, before you sold the whole of it?" The appellant objected to this question on the ground that it was irrelevant, incompe-

tent and not within the issues. The objection was overruled and the appellant properly excepted. The witness answered: " He did not tell me anything about my interest in that ten acres; he advised me nothing about my interest in the land sold under the order of the court."

The complaint does not in any way charge the appellant with any negligence or improper conduct, as counsel or otherwise, in relation to the sale of the ten acres above referred to, nor with failing to properly advise her in relation to its sale. The complaint alleges that the ten acres of land were sold for $400. The verdict is for $133. It is almost impossible to resist the conclusion that the verdict was given for one-third —$133—of the sum for which the appellee, as administratrix of her deceased husband, sold the ten acres of land to which the testimony related. We think the testimony was erroneously admitted; that it was not relevant to the issues in the case. We can not say that its admission was harmless. On the contrary, we think it altogether probable, from the testimony in the case, that the jury based their verdict upon it. Nor do we think that the record shows that the sale of the ten acres would diminish the right of the appellee, as the wife of the deceased, in the land of which her husband died seized. She would be, and is, as his widow, entitled to one-third of the land of which the intestate died seized, as against his creditors and his heirs. If, by the proceedings of the court in the sale of the ten acres, the purchaser took it free from the claim of the appellee, she would, under the circumstances stated in the record, as widow, be entitled to such portion of the balance of the land of which her husband died seized as would equal one-third of the whole. We think the court erred in admitting the evidence as to whether the appellant advised the appellee of her interest in said ten acres of land, and that, for this error, the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.